IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WBI ENERGY TRANSMISSION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SUBSURFACE EASEMENTS FOR THE STORAGE OF NATURAL GAS IN THE JUDITH RIVER SUBTERRANEAN GEOLOGICAL FORMATION, et al., <br><br> Defendants. | CV 18-88-BLG-SPW-TJC <br><br> **FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff WBI Energy Transmission, Inc. ("WBI") brings this action for condemnation under the Natural Gas Act, 15 U.S.C. § 717-717z, to acquire natural gas storage easements in the Cedar Creek (Baker) Storage Field ("Baker Storage Field"). (Doc. 1.) Defendants Nicole L. Adamson, Trey Adamson, LLC, Batterman Properties, LLC, Erna Greenlee, Kelly J. Heiser, Angela K. Heiser, Wei Jun Li, Shao Hua Kuang, Dora G. Leyba, William B. Nelson, Straub Heating & Cooling, LLC, and Ellen C. Dockter (the "Counterclaim Landowners") have brought counterclaims for trespass, unjust enrichment, and inverse condemnation. (Doc. 23.)

Presently before the Court is WBI's Motion to Strike, or in the Alternative, Dismiss the Counterclaims. (Doc. 37.) The motion has been referred to the

1

undersigned under 28 U.S.C. § 636(b)(1)(B), and is fully briefed and ripe for the Court's review.  (Docs. 38, 50, 52.)

Having considered the parties' submissions, the Court **RECOMMENDS** WBI's motion be **GRANTED**.

## I.     BACKGROUND

The Baker Storage Field is located in Fallon County, Montana, and has been continuously operated as a federally certified natural gas storage field since the 1940's.  The Federal Power Commission, the predecessor to the Federal Energy Regulatory Commission ("FERC"), originally certified the Baker Storage Field and determined that its operation was a matter of public convenience and necessity in 1946.  In 1985, the FERC issued WBI a Certificate of Public Convenience and Necessity to operate the natural gas facilities at the Baker Storage Field.  At that time, WBI obtained rights to operate the Baker Storage Field from the fee and mineral rights owners of the properties included in the storage field.[1]

In 2011, however, the Montana Supreme Court held that the surface owner owns the pore space and rights to subsurface storage of natural gas.  *See Burlington Res. Oil & Gas Co. v. Lang and Sons Inc.*, 259 P.3d 766 (Mont. 2011).  Due to the

---

[1] WBI obtained certain rights by agreement and certain rights by a previously-filed condemnation action in this Court.  *See Williston Basin Interstate Pipeline Co. v. An exclusive gas storage leasehold in the Judith River Subterranean Geological Formation*, No. CV-86-129-BLG-JFB (D. Mont. 1986).  Williston Basin Interstate Pipeline Company was renamed WBI Energy Transmission, Inc. on July 1, 2012.

change in the law, WBI began working to acquire subsurface storage easements from the surface owners of the properties in the Baker Storage Field. WBI reports that it was able to acquire 99% of the easements by agreement. For the remaining properties, including those owned by the Counterclaim Landowners, WBI filed this action to condemn the natural gas storage easements.

After the Complaint was filed, two of the Counterclaim Landowners, Angela K. Heiser and Kelly J. Heiser ("the Heisers"), executed an easement on July 3, 2018, granting to WBI the subsurface storage rights condemned in the Complaint. (Doc. 38-1.) As a result, the Heisers were dismissed from this case on July 13, 2018. (*See* Doc. 13.)

On August 9, 2018, the Counterclaim Landowners filed an Answer and Counterclaim. (Doc. 23.) The Counterclaim Landowners do not contest WBI's authority to condemn the natural gas storage easements. Rather, the Counterclaim Landowners seek damages for trespass, unjust enrichment and inverse condemnation for the time between 1985 – when WBI began storing natural gas in their pore space – until this condemnation action was filed.

## II. DISCUSSION

WBI now moves to strike the counterclaims on grounds that Federal Rule of Civil Procedure 71.1 does not permit counterclaims to be asserted in a condemnation action. WBI also argues the claims by the Heisers should be

3

stricken because they signed an easement conveying storage rights to WBI prior to the filing of the Answer and Counterclaim.  In the alternative, WBI argues the counterclaims should be dismissed because (1) the trespass and unjust enrichment claims are preempted; (2) the inverse condemnation claim is unnecessary; and (3) the counterclaims are an impermissible collateral attack on WBI's FERC Certificate.  The Counterclaim Landowners assert their counterclaims should be allowed because they are not presented in opposition to the condemnation or to challenge WBI's FERC Certificate, but are rather related to actions pre-dating condemnation.

### A. The Heisers' Answer and Counterclaim Should be Stricken

The Counterclaim Landowners concede that the Heisers should be removed from this action.  In light of the fact the Heisers executed an easement with WBI and were dismissed from this case prior to the date the Answer and Counterclaim was filed, WBI's motion to strike should be granted as to these defendants.

### B. The Counterclaims Should be Dismissed

WBI moves to strike the counterclaims pursuant to Rule 12(f).[2]  WBI's motion, however, actually seeks dismissal of the counterclaims because they are precluded as a matter of law by Rule 71.1.  As such, the Court will construe WBI's

---

[2] Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

motion to strike as a motion to dismiss under Rule 12(b)(6). *See e.g. Columbia Gas Transmission LLC v. 14.96 Acres*, 2015 WL 3756710, \*1-2 (S.D. W.Va. June 16, 2015) (construing motion to strike counterclaim in condemnation action as a motion to dismiss); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) (holding "that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law"); *Consumer Sols. REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1021 (N.D. Cal. 2009) ("where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion.").

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678.

Rule 71.1 governs "proceedings to condemn real and personal property by eminent domain." Fed. R. Civ. P. 71.1(a). The purpose of the Rule is "to provide a uniform procedure for condemnation in the federal district courts." Fed. R. Civ. P. 71.1 advisory committee's note to 1951 addition, Note to Subdivision (a). *See also Gov't of V.I. v. 19.623 Acres of Land*, 536 F.2d 566, 569 (3d Cir. 1976) ("One of the major purposes of Rule 71A [redesignated as 71.1 in 2007] is to simplify condemnation proceedings so that the rights of the parties may be determined promptly and with assurance.").

Under Rule 71.1, the plaintiff first files a complaint naming the property to be condemned and the persons who have a claim or interest in the property, and serves notice upon the defendants. Fed. R. Civ. P. 71.1(c)-(d). Then, the defendants have two options: either (1) serve a notice of appearance, or (2) serve an answer. Fed. R. Civ. P. 71.1(e). If a defendant elects to serve an answer, the defendant must state all of its objections and defenses to the taking. Fed. R. Civ. P. 71.1(d)(2). The Rule further provides that:

> A defendant waives all objections and defenses not stated in its answer. *No other pleading or motion asserting an additional objection or defense is allowed.* But at the trial on compensation, a defendant – whether or not it has previously appeared or answered – may present evidence on the amount of compensation to be paid and may share in the award.
>
> Fed. R. Civ. P. 71.1(e)(3) (emphasis added).

The clear weight of authority holds Rule 71.1(e)(3) prohibits counterclaims in condemnation actions. *See e.g. U.S. v. 40.60 Acres of Land*, 483 F.2d 927, 928 (9th Cir. 1973) (holding the district court did not have jurisdiction to hear counterclaim in a condemnation action); *Atl. Seaboard Corp. v. Van Sterkenburg*, 319 F.2d 455, 458 (4th Cir. 1963) (holding Rule 71.1's "prohibition of any pleading other than an answer is clear and unequivocal"); *U.S. v. 38.60 Acres of Land*, 625 F.2d 196, 199 (8th Cir. 1980) ("[T]he district court has no jurisdiction in a condemnation action to entertain counterclaims"); *Wash. Metro. Area Transit Auth. v. Precision Small Engines*, 227 F.3d 224, 22 n.2 (4th Cir. 2000) (noting a counterclaim is not a permissible pleading in a condemnation action); *Kan. Pipeline Co. v. 200 Foot by 250 Food Piece of Land*, 210 F.Supp.2d 1253, 1258 (D. Kan. 2002) (holding landowners must file counterclaims in a separate action); *N. Nat. Gas Co. v. Approx. 9117.53 Acres*, 2011 WL 2118642, *3 (D. Kan. May 27, 2011) (finding counterclaims were procedurally barred by Rule 71.1(e), and stating "[a]ny such claims, if they are to be pursued, must be filed in an action separate from this condemnation proceeding"); *New West v. City of Joliet*, 2012 WL 366733, *6 (N.D. Ill. Jan. 30, 2012) ("[T]he court construes Rule 71.1 to prohibit counterclaims seeking legal relief"); *Columbia Gas Transmission LLC*, 2015 WL 3756710 at *4 ("The Court . . . finds that Rule 71.1(e) prohibits Defendants from filing a counterclaim in this condemnation proceeding."); *Public*

*Serv. Co. of N.M. v. Approx. 15.49 Acres of Land*, 275 F.Supp.3d 1273, 1275-76 (D. N.M. 2015) (dismissing counterclaim for trespass because counterclaim not permitted under Rule 71.1); *Nexus Gas Trans. LLC v. City of Green*, 2018 WL 2268140, *1 (N.D. Ohio Jan 8, 2018) (dismissing counterclaims in condemnation action); *Atl. Coast Pipeline LLC v. 6.71 Acres*, 2018 WL 2325413, *3 (W.D. Va. May 22, 2018) ("[A]llowing a claim for trespass to be litigated in a Rule 71.1 proceeding would be inconsistent with . . . the Rule's blanket prohibition on counterclaims); *Tex. E. Transmission v. A Permanent Easement of 0.5 Acres*, 2019 WL 1437871, *3 (April 1, 2019) (noting "counterclaims are impermissible in eminent domain proceedings").

In *Columbia Gas Transmission LLC v. Crawford*, 267 F.R.D. 227, 228-29 (N.D. Ohio 2010), the court reached a contrary result.[3] There, the court interpreted Rule 71.1 to permit a counterclaim for trespass in a condemnation action. The *Crawford* court determined Rule 71.1 did not bar the counterclaim because a counterclaim is not technically a pleading under Rule 7(a), but is "rather a claim asserted within a 'pleading' – like an answer, which Rule 71.1(e)(2) permits." *Id.* at 228.

---

[3] A counterclaim for inverse condemnation was also allowed in *Columbia Gas Transmission Corp. v. An Exclusive Natural Gas Storage Easement*, 747 F. Supp. 401, 406 (N.D. Ohio 1990). The court did not, however, discuss Rule 71.1 in reaching its decision.

8

But in *Equitrans L.P. v. 0.56 Acres*, 145 F.Supp.3d 622, 631-34, n.3 (N.D. W. Va. 2015), the court persuasively distinguished *Crawford*. The *Equitrans* court agreed that counterclaims are technically not "pleadings." *Id.* at 631. Yet, the court found Rule 71.1(e) nevertheless bars counterclaims because they are "not an objection or defense to the condemnation action." *Id.* at 632. The court explained that Rule 71.1(e) "expressly 'prescribes what matters the answer should set forth.'" *Id.* Thus, Rule 71.1(e) allows a defendant to file an answer containing only defenses and objections to the condemnation claim. Accordingly, the Court concluded that "Rule 71.1(e) bars counterclaims because they are not objections or defenses to condemnation." *Id.* at 634.

Here, the Counterclaim Landowners specifically argue their counterclaims are "not presented in opposition to the condemnation or as a challenge to WBI's FERC certificate." (Doc. 50 at 8.) Construed as such, the counterclaims are not objections or defenses to condemnation, and are thus barred under Rule 71.1(e). *See Equitrans*, 145 F.Supp.3d at 634.

The Counterclaim Defendants argue Rule 71.1 cannot be used to abrogate their property rights or claims arising from WBI's prior use of their property. The Court is not, however, holding that the Counterclaim Landowners' claims are abrogated by Rule 71.1, or that WBI is excused from potential liability. Rather, Rule 71.1 simply precludes the Counterclaim Landowners from asserting their

9

counterclaims in this action. As courts have noted, the proper procedure is for the Counterclaim Landowners to file their claims in a separate action. *See e.g. Kan. Pipeline Co.*, 210 F.Supp.2d at 1258; *N. Nat. Gas Co.*, 2011 WL 2118642 at *5; *Humphries v. Williams Nat. Gas Co.*, 48 F.Supp.2d 1276 (D. Kan. 1999). Whether the Counterclaim Landowners' counterclaims will ultimately fail or succeed on the merits will more appropriately be determined in a separate action if it is pursued.[4] As noted in *Northern Natural Gas. Co, 2011WL 2118642,* *3, "[t]he goals of a uniform, efficient and quick procedure for achieving a condemnation are best furthered by construing Rule 71.1(e) as purposely separating the condemnation issues from other matters, including counterclaims against the condemnor."

/ / /

/ / /

---

[4] The Court notes that to the extent the counterclaim for inverse condemnation purports to dispute what the taking date should be, and thereby, the amount of just compensation, it is an integral part of the condemnation action. Here, WBI has operated the Baker Storage Field since 1985. Accordingly, the taking arguably occurred prior to the filing of this condemnation action. *See United States v. Dow*, 357 U.S. 17, 22 (1958) (stating the date of the taking for a pipeline easement was the date the condemnor took possession, and holding "[i]t is that event which gives rise to the claim for compensation and fixes the date as of which the land is to be valued"); *Baatz v. Columbia Gas Transmission, LLC*, 295 F.Supp.3d 776, (N.D. Ohio 2018) (finding a natural gas company had "undisputedly stored natural gas in the Medina Storage Field 'since 1959.' Thus, a 'taking' to operate as required by the 1958 Certificate occurred then."). Therefore, the Counterclaim Landowners will be permitted to argue what date the Court should set the taking at in determining the amount of just compensation to which they are owed. As such, a separate counterclaim for inverse condemnation may not be necessary.

## III.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that WBI's Motion to Strike, or in the Alternative, Dismiss Counterclaims (Doc. 37) be **GRANTED**, that Angela K. Heiser and Kelly J. Heiser's Answer and Counterclaim be stricken, and that the remaining Counterclaim Landowners' counterclaims be dismissed without prejudice.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 8th day of July, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge