IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

AUG 1 0 2020

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| WBI ENERGY TRANSMISSION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SUBSURFACE EASEMENTS FOR THE STORAGE OF NATURAL GAS IN THE JUDITH RIVER SUBTERRANEAN GEOLOGICAL FORMATION, et al., <br><br> Defendants. | CV 18-88-BLG-SPW <br><br> ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

The United States Magistrate Judge filed Findings and Recommendations on Plaintiff WBI Energy Transmission, Inc.,'s Motion for Summary Judgment as to the Non-Participating Landowners (Doc. 84.); WBI's Motion for Summary Judgment as to Defendants Carl Overland and Wanda Brown (Doc. 86.); and WBI's Motion for Summary Judgment as to the Counterclaim Landowners. (Doc. 89.) The Magistrate recommended all three motions be GRANTED. (Doc. 96.)

Pursuant to 28 U.S.C. § 636(b)(1), parties are required to file written objections within 14 days of the filing of the Magistrate's Findings and Recommendations. Federal Rule of Civil Procedure 6(d) extends that period by 3

1

days when a party is served by mail. No objections were filed. When neither party objects, this Court reviews the Magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

After reviewing the Findings and Recommendations, this Court does not find that the Magistrate committed clear error. Under Section 717f(h) of the Natural Gas Act, a party may condemn the property interest of another if that condemning party (1) holds a certificate from the Federal Energy Regulatory Commission (FERC), (2) the subject property is necessary to the condemning party's project, and (3) the interested parties have failed to agree on a price for the property after engaging in good faith negotiations. *Transwestern Pipeline Co. v. 17.19 Acres of Property*, 550 F.3d 770, 776 (9th Cir. 2008) (citations omitted). Plaintiff WBI has satisfied all three requirements. WBI holds a valid certificate of Public Convenience and Necessity for the subject property issued by the predecessor to FERC, the Federal Power Commission. By issuing the certificate, FERC determined that the subject property was necessary to the operation of the Baker Storage Field. Finally, the present lawsuit demonstrates the inability of the parties to reach an agreement on a price for the subject properties after engaging in good faith negotiations. Further, no party has

challenged Plaintiff WBI's ability to condemn the subject properties. The Non-Participating Landowners failed to answer the Complaint or otherwise engage in the lawsuit. The remaining parties—Overland, Brown, and the Counterclaim Landowners—did file a response to the Complaint but failed to file any response to WBI's motions for summary judgment and present genuine issues of material fact.

As to the matter of just compensation, the Magistrate recommends a nominal amount of $1.00 for each Defendant. It is the responsibility of the landowner to establish the fair market value of the property subject to condemnation. *United States v. 174.12 Acres of Land*, 671 F.2d 313, 314 (9th Cir. 1982). No party has adequately responded to the present summary judgment motion, produced an expert witness to testify to the fair market value of the properties, or otherwise establish a genuine issue of material fact concerning the property values. In absence of argument or evidence presented by the contesting parties, a court may consider evidence presented by the condemning party. *Millenium Pipeline Co. v. Certain Permanent and Temporary Easements*, 919 F.Supp.2d 297, 302 (W.D.N.Y. 2013). WBI's expert, Norman H. Lee, testified that the condemnation of the properties did not affect the fair market value of the land. Therefore, an award of $1.00 in nominal damages to each Defendant is appropriate.

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 96.) are ADOPTED IN FULL.

3

IT IS FURTHER ORDERED that Plaintiff WBI Energy Transmission, Inc.'s Motion for Summary Judgment as to the Non-Participating Landowners (Doc. 84); Motion for Summary Judgment as to Defendants Carl Overland and Wanda Brown (Doc. 86.); and Motion for Summary Judgment as to the Counterclaim Landowners (Doc. 89.) are GRANTED.

DATED this 10th day of August, 2020.

*/s/ Susan P. Watters*
SUSAN P. WATTERS
United States District Judge